COLE, Judge.
This is an appeal from a judgment sustaining the peremptory exception raising the objection of res judicata. The issue presented is whether a suit against a tort-feasor’s insurer is subject to dismissal on the basis of res judicata because the plaintiff executed a compromise and release of the tortfeasor, without any reservation of rights against the insurer.
On April 16, 1982, David M. Morris filed suit for personal injuries against Wilburn Morris Fleniken, II on the basis of an alleged intentional tort. Fleniken answered the suit and filed a third party demand against his liability insurer, Cambridge Mutual Fire Insurance Company (Cambridge), *320 for judgment equal to any rendered against him on the principal demand.
Subsequently, Morris and Fleniken reached a settlement, and on October 18, 1983, Morris executed a written compromise releasing Fleniken from any further claims.[1] This compromise did not include any reservation of rights against Cambridge or any other party. See La. Civ. Code art. 2203, now art. 1885, as it existed prior to Act 331 of 1984. On the same date Morris filed an amended petition naming Cambridge as a defendant and alleging his injuries were due to the negligence of Flen-iken.
In response to Morris’ amended petition naming Cambridge as a direct party defendant, Cambridge filed the peremptory exception raising the objections of res judi-cata and no right of action. The trial court denied the objection of no right of action,[2] but maintained the objection of res judicata and dismissed Morris’ suit. Morris has appealed this judgment.
On appeal Morris makes two distinct arguments. First, he maintains the compromise executed by him did not release Cambridge. Second, he argues res judicata was not the proper procedural vehicle to raise the release of a solidary obligor.
In the present posture of this case, it is not necessary to consider Morris’ first argument and we express no opinion on this issue. The only issue presented by the trial court judgment is whether the essential elements of res judicata are present under the circumstances described above.
The defense of compromise may properly be raised through the peremptory exception raising the objection of res judi-cata. Orgeron v. Loop, Inc., 433 So.2d 278 (La.App. 1st Cir.1983). However, in order for the objection to be well-founded each of the following three elements must be present: (1) an identity of the thing demanded; (2) the same cause of action; and, (3) the same parties appearing in the same quality. La.Civ.Code art. 2286 (redesignated as La.R.S. 13:4231, effective January 1, 1985); Safeco Ins. Co. of America v. Palermo, 436 So.2d 536 (La.1983). The absence of any of these elements is fatal to the claim of res judicata.
The requirement of an identity of parties is clearly absent in this instance. Morris and Fleniken were the only parties to the compromise which is relied upon by Cambridge as the basis for its objection of res judicata. Thus, even though Morris’ demands against Fleniken may have been subject to an objection of res judicata because of the compromise and release, the same was not true of Morris’ demands against Cambridge.[3] Since Cambridge itself was not a party to the compromise, the trial court erred in dismissing the suit against Cambridge on an objection of res judicata. The judgment of the trial court is reversed and this matter is remanded for further proceedings.[4] Cambridge is cast *321 for the costs of this appeal. All other costs are to be determined in a final judgment on the merits.
REVERSED AND REMANDED.

. In his brief Morris contends a judgment of dismissal was filed in district court releasing Fleniken and reserving his rights against Cambridge. However, the record contains no such judgment formally dismissing Fleniken.

. The objection of no right of action was not well-founded and the trial court judgment denying it was-correct. The function of the objection of no right of action is to provide a threshold device to terminate a suit brought by one without any legal interest to assert it. Favrot v. Favrot, 448 So.2d 187 (La.App. 1st Cir.1984). Morris clearly had an interest in bringing this suit for personal injuries since he was the party who allegedly sustained injuries and injured persons constitute a class to which the law affords a remedy. The fact that Morris’ recovery against Cambridge might ultimately be barred because of the compromise and release does not affect the existence of his interest in the subject matter of this suit. The objection of no right of action may not be used to urge a plaintiff is without interest simply because the defendant has a defense to the action. Frazier v. Green Steel Bldg., Inc., 409 So.2d 1290 (La.App. 2d Cir.1982). For further clarification on the utilization of this procedural device, see Bamber Contractors, Inc. v. Henderson Bros., Inc., 345 So.2d 1212 (La.App. 1st Cir.1977).

. Fleniken never filed the peremptory exception raising the objection of res judicata.

. The extinguishment of an obligation in any manner is an affirmative defense. La.Code Civ.P. art. 1005. If there is no genuine issue of fact that one co-debtor in solido was released *321 and there was no reservation of rights against the remaining co-debtor, the remaining co-debt- or may be entitled to a summary judgment as a matter of law. La.Code Civ.P. art. 966; La.Civ. Code art. 2203, as it existed prior to Act 331 of 1984.