[iSULLIVAN, Judge.
Chester L. Charles appeals the dismissal of his petition to set aside a workers’ compensation compromise settlement. For the following reasons, we affirm.
Facts
On March 12, 1984, Charles was injured while employed as a porter at Lakeside National Bank (Lakeside). For many years thereafter, Lakeside’s insurer, Aetna Surety and Casualty Company (Aetna), vigorously contested Charles’ workers’ compensation claim. Aetna first contended, unsuccessfully, that Charles was not disabled. See Charles v. Aetna Cas. & Surety Co., 525 So.2d 1272 (La.App. 3 Cir.), writ denied, 531 So.2d 480 (La.1988). Thereafter, Aetna sought to change Charles’ disability classification from temporary total to permanent total, seeking to take advantage of the Rsocial security “offset” of La.R.S. 23:1225(A). The Office of Workers’ Compensation Administration (OWCA) again sided with Charles, and Aetna appealed. Pending the appeal, the parties compromised the claim for $60,000. OWCA approved the settlement on November 27, 1995.
On September 16, 1996, Charles filed the instant petition to set aside the settlement. He named as defendants Lakeside, Aetna, and his former attorney, Louis D. Bufldn, who represented him in the compensation claim and who negotiated the compromise. Lakeside and Aetna responded with exceptions of no cause of action and res judicata; they also filed a reconventional demand seeking return of the settlement proceeds, should OWCA overturn the compromise. Bufldn did not file responsive pleadings, but corresponded with OWCA employees and testified at trial.
At trial, on March 27,1997, Charles sought to prove that Bufidn’s “fraud” induced him to execute the settlement. Charles claimed that Bufldn told him to testify falsely regarding his disability classification, by stating that one day he would return to work, that Bufldn refused to tell him of OWCA’s ruling in his favor, and that Bufkin’s secretary prevented him from reading the settlement documents and misled him as to their contents. Charles acknowledged, however, that he understood the consequences of the settlement: he knew that he was releasing Aetna and that he would not receive any more compensation benefits once he accepted the $60,000.
Bufldn testified that throughout his representation of Charles, he repeatedly resisted Aetna’s offers to settle the claim. Additionally, under the law at the time of the final hearing, he understood that “as long as there was a glimmer of hope” that a claimant could one day return to work, i.e., that the disability was temporary, the employer and insurer would not be entitled to reduce a claimant’s compensation benefits based upon his receipt of social security disability benefits. His strategy | -¡changed, however, when the Louisiana Supreme Court decided Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/22/95), 660 So.2d 841, holding that an employer could reduce the compensation benefits of an injured employee who also received social security disability benefits, regardless of whether the employee was temporarily or permanently disabled. Bufldn testified that, upon learning of the Garrett decision, he advised Charles to settle his compensation claim, admittedly in a “hurry-up” atmosphere, but with concern that the case’s value would decrease once Garrett became widely known.
After a hearing, the workers’ compensation judge ruled in favor of Aetna and Lakeside, stating that the ease was one of a misunderstanding, rather than misrepresentation or fraud. Charles then perfected this appeal.
Opinion
La.R.S. 23:1272 provides in part:
*429 A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the hearing officer for approval through a petition signed by all parties and verified by the employee or his dependent. The hearing officer shall determine whether the employee or his dependent understands the terms and conditions of the proposed settlement.
B. If the hearing officer finds the settlement agreement to be fair, equitable, and consistent with this Chapter, he shall approve it by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party. The hearing officer may refuse to approve a settlement if he finds that it does not provide substantial justice to all parties.
(Emphasis added.)
The purpose of this statute is to “provide numerous safeguards to prevent an employee from being coerced, to prevent a hasty and possibly ill-advised resolution of the employee’s claim, and to protect the parties from unwise actions which may cause them serious detriment.” Morris v. East Baton Rouge Parish Sch. Bd., 98-2396, p. 4 4(La.App. 1 Cir. 3/3/95), 653 So.2d 4, 6, unit denied, 95-0852 (La.5/5/95), 654 So.2d 335. Although the procedural requirements of La. R.S. 23:1272 are mandatory, a judgment obtained in conformity therewith should be “virtually unassailable.” Harrington v. Quality Steel Bldg. Erectors, 95-822, p. 6 (La.App. 3 Cir. 3/6/96), 670 So.2d 1372, 1376, writ denied, 96-1315 (La.6/28/96), 675 So.2d 1128 [quoting Smith v. Cajun Insulation, Inc., 392 So.2d 398, 401 (La.1980) ].
Under its prior version, the statute required a district judge to “discuss” the terms of the settlement "with the claimant. Now, the workers’ compensation judge need only “determine” that the employee understands the settlement and that it is fair, equitable, and consistent with the workers’ compensation law. If these safeguards are followed, the settlement may only be set aside for fraud or misrepresentation made by any party.
However, in Morris, 653 So.2d 4, the first circuit held that an employee may maintain an action for nullity under La.Code Civ.P. art.2004 if the final judgment recognizing the settlement is obtained through fraud or ill practices. In Morris, the employee’s attorney settled a compensation claim without the employee’s knowledge or consent, in violation of their contract of legal representation and while the attorney was suspended from practicing law. Because the representations of the attorney were not “made by any party,” the court found that the settlement could not be set aside under La.R.S. 23:1272. However, the court concluded that the attorney’s actions constituted “fraud or ill practices” under La.Code Civ.P. art 2004 and permitted the employee to maintain an action for nullity under that article. (The ■ concurring judge believed that the workers’ compensation judge’s failure to “determine” that the employee understood the terms of the settlement was also an ill practice.)
Although a hearing is not required before the approval of a settlement, the workers’ compensation judge is “empowered” to conduct one in determining whether |5the employee understands the settlement. Harrington, 670 So.2d at 1372. In Harrington, this court, with two judges dissenting, found that the workers’ compensation judge should have held such a hearing, when the medical reports attached to the joint petition contradicted allegations in the petition that the employee no longer needed medical care and had been released to work. Additionally, the employee in that case was unrepresented and functionally illiterate.
In the instant case, the settlement package included a joint petition verified by Charles, as well as Charles’ affidavit that he agreed to the compromise settlement of $60,-000. The package also contained a release in which Charles acknowledged that he forever released Aetna and Lakeside and that he read and knew the contents of the document. The parties presented these documents for approval to the same workers’ compensation judge who had presided over the most recent hearing on Charles’ disability classification. Under these circumstances, we find that the parties complied with the procedural require- *430 merits of La.R.S. 23:1272 and that the workers’ compensation judge was not required to conduct a hearing or further inquiry before approving the settlement.
 Charles contends the settlement should be set aside because Bufkin’s strategy of resisting Aetna’s offset claim negatively impacted his social security claim and because Bufkin’s secretary prevented him from reading the settlement documents. He argues that he never would have agreed to the settlement had he been permitted to read language in the joint petition that states, “[ejmployee is able to do work of the same nature and character” as before the alleged accident. For the following reasons, we find Charles has failed to prove fraud or misrepresentation by any party under La.R.S. 23:1272 or fraud or ill practices under La. Code Civ.P. art.2004.
|6Charles now objects to his attorney’s decision to contest Aetna’s claim for an offset. However, that decision appears based upon the law in effect at the time. That strategy would have prevented Aetna from reducing Charles’ disability payments but for the Garrett decision that was rendered while his case was on appeal. Further, it does not affect Charles’ understanding of the consequences of the settlement. Both in his deposition and before the workers’ compensation judge, Charles acknowledged that he understood the settlement would fully release Aetna and Lakeside from any future compensation payments.
The language in the joint petition to which Charles objects is found in paragraph four, where the employer states its contentions in the dispute being settled. Paragraph three, the employee’s contention of facts, reads in part: “Employee contends that, as a result of the alleged accident and injury, he is unable to perform the. duties of his employment prior to the accident and does not know when such disability will cease; that he is, therefore, totally and permanently disabled....”
As explained in Malone and Johnston, 14 Louisiana Civil Law Treatise, WORKERS’ Compensation § 387 (West 1994), a compromise settlement, as distinguished from a lump sum settlement involving money admittedly due, resolves disputed questions of fact and liability. Paragraph four merely states the employer’s contention in the case. By signing'the joint petition, Charles did not admit that he is no longer disabled. His claim that he is totally and permanently disabled is contained in paragraph three. Again, even if Charles did not read the joint petition, this language had no effect on his understanding of the consequences of the compromise settlement.
In his brief, Charles also argues that the workers’ compensation judge erred in setting trial on the merits on the same day as the hearing on defendants’ exceptions. 17However, the record reflects that Charles was notified of this decision with ample time to prepare for trial. We find no error.
Decree
For the above reasons, we find no error in the judgment of the Office of Workers’ Compensation Administration. Costs of this appeal are assessed to appellant, Chester L. Charles.
AFFIRMED.