McDonald, j.
LClint Rogillio sustained injuries in the course and scope of his employment with SNL Distribution Services Corporation (SNL) on September 17, 2010. Mr. Rogil-lio filed a disputed claim for compensation and thereafter, the parties entered into a settlement of his claims. On February 28, 2012, at the start of the hearing for the trial on the merits, a settlement was entered into the record by the parties.
On January 15, 2013, Mr. Rogillio filed a disputed claim for compensation, asserting that SNL failed to pay mileage requests. The requests for the mileage were sent to SNL on December 27, 2011, February 7, 2012, and March 13, 2012. All of the mileage in the three requests was incurred prior to the settlement date of February 28, 2012. SNL filed an exception raising the objection of res judicata and a motion for sanctions pursuant to La. C.C.P. art. 863, asserting that all of the mileage claimed had been included in the settlement.
Thereafter, Mr. Rogillio filed an amended disputed claim for compensation seeking penalties and attorney fees for the violations set forth in his original claim. SNL filed another exception raising the objection of res judicata and another motion for sanctions pursuant to La. C.C.P. art. 863 in response to Mr. Rogillio’s amended disputed claim for compensation.
The workers’ compensation judge granted SNL’s exception, dismissed Mr. Rogil-lio’s disputed claim for compensation and amended disputed claim for compensation, and denied SNL’s motion for sanctions. Mr. Rogillio appealed that judgment.
Mr. Rogillio asserts that the workers’ compensation judge erred in granting SNL’s res judicata exception and in dismissing his disputed claim for compensation and amended disputed claim for compensation with prejudice.
At the hearing on February 28, 2012, the following discussion took place:
LMR. MONROSE:
Your Honor, we have agreed to settle this Workers’ Compensation matter for *519 any back due benefits — indemnity, penalties, attorney’s fees, and including future indemnity for the total amount of $69,718. Let me just make sure I’m real clear — any back due benefits owed at all to this day, and future indemnity, for 69,713. We will leave his future medical care open.
MS. MANECKE:
We’re reserving that.
JUDGE OURSO:
Okay. So the only thing — the only benefit that will be held open will be the future medical expenses—
MS. MANECKE:
That is correct.
JUDGE OURSO:
—from this point forward? So this settles all past issues of whatever nature?
MR. MONROSE:
Of whatever nature, all the way up through and including any future indemnity.
JUDGE OURSO:
We’re referring to benefits, penalties and attorney’s fees of whatever nature. Okay. All right. I just want the record to be clear on this.
MS. MANECKE:
For clarification, what about the medical bills that we submitted? Are those going to be taken care of? Because I mean, those were related.
MR. MONROSE:
Which ones? Are you talking about the ones that were listed on your pretrial? I’m trying to remember how much that was. Yeah, I know, Jackie. I’m not trying to be selective. I promise you. Yeah, that will be taken care of. JUDGE OURSO:
[¿Outstanding medical bills.
MR. MONROSE:
Can you give me about 30 seconds?
JUDGE OURSO:
All right.
MR. MONROSE:
Yes, Your Honor. That is correct. I just didn’t want to say it and get myself in trouble until I was sure. Yes, we’re going to take care of that.
JUDGE OURSO:
Okay. All right. Ms. Manecke, you and your client agree to the terms of this settlement; is that correct?
MS. MANECKE:
Yes, Judge.
JUDGE OURSO:
Okay. So the case will be dismissed. Are you requesting a dismissal with prejudice at this point, correct?
MS. MANECKE:
We’re reserving medical.
A hearing on the exception raising the objection of res judicata and the motion for sanctions was held on March 22, 2013. The worker compensation judge ruled at the hearing as follows:
THE COURT:
The Court finds there was a reservation of rights for future medical, but everything concerning the past, his rights, was settled at that time. Therefore, the exception of res judicata is granted. Case dismissed with prejudice.
And as concerns the motion for sanctions, that is denied. The motion for sanctions is denied.
| .STANDARD OF REVIEW
The res judicata effect of a prior judgment is a question of law that is reviewed de novo. Pierrotti v. Johnson, 2011-1317 (La.App. 1 Cir. 3/19/12), 91 So.3d 1056,1063.
ANALYSIS
The requests for mileage reimbursement were all for mileage that was incurred prior to the settlement. The December 27, 2011 mileage request was for *520 mileage incurred on December 5, 2011, and December 7, 2011. The February 7, 2012 mileage request was for mileage incurred on January 14, 2012, February 1, 2012, and February 2, 2012. These requests were made prior to the settlement. The March 13, 2012 mileage request was made after the settlement but was for mileage incurred on January 27, 2012, and January 31, 2012, all prior to the settlement.
These requests for reimbursement for mileage incurred prior to the settlement do not fall within the “future medical expenses” exception to the settlement of the case. After a de novo review, we find that the office of workers’ compensation correctly granted SNL’s exception raising the objection of res judicata and correctly dismissed the disputed claims for compensation.
Thus, the office of workers’ compensation’s April 8, 2013 judgment, granting SNL’s exception and dismissing Mr. Rogil-lio’s disputed claim for compensation and amended disputed claim for compensation with prejudice, is affirmed. Mr. Rogillio is cast with costs.
AFFIRMED.