McDonald, j.
| gin this appeal, plaintiffs in a personal injury lawsuit appeal a judgment, granting peremptory exceptions raising the objections of res judicata and no right of action, and dismissing their suit against an alleged tortfeasor. For the following reasons, we reverse and remand.
FACTUAL AND PROCEDURAL BACKGROUND
On April 21, 2010, Trena Garrison was riding as a passenger on a motorcycle driven by her husband, Thomas Garrison, on O’Neal Lane in Baton Rouge, Louisiana, when Mr. Garrison lost control of the motorcycle and crashed: [R2] On July 13, 2010, for consideration of $25,000, Mrs. Garrison released Mr. Garrison; his insurer, State Farm Insurance; and “all other persons, firms or corporations” from “any and all claims” resulting from the April 21, 2010 accident (original release).[1] [R36]
On April 20, 2011, Mr. and Mrs. Garrison filed a petition- for damages against James Construction Group, LLC (James Construction), alleging the April 21, 2010 accident occurred when they ran into a large hole and/or trench in the road at a location being maintained by and/or in the custody of James Construction. [R2] James Construction answered the petition, generally denying liability, and asserting the comparative fault of the Garrisons and unknown third parties. [R5]
On September 16, 2011, Mrs. Garrison signed an amended release document, reiterating her release of Mr. Garrison and State Farm insurance in exchange for $25,000, but specifically reserving her rights against James Construction and others Rwho may be liable to her for claims related to the April 21, 2010 accident (amended release). [R37] Later, James Construction filed a peremptory exception, raising the objection of res judicata as to Mrs. Garrison’s claims, contending the original release barred the assertion of her claims against 'James Construction, and the amended release was Ineffective at preserving any such claims. [R26, 29-30] After the Garrisons opposed the exception, the trial court held a hearing and indicated that it considered James Construction’s exception as one raising the objections of res judicata and no right of action. [R88] After the hearing, the trial court signed a judgment on January 22, *18 2014, granting exceptions of res judicata and no right of action and dismissing the Garrisons’ claims with prejudice.[2] [R67]
The Garrisons devolutively appeal the adverse judgment, arguing the trial- court erred in granting the exception of res judi-cata and indicating that their argument also implicitly challenges the trial court’s granting of the exception of no right of action.
COMPROMISE AND RES JUDICATA
A release of a claim, when given in exchange for consideration, is a compromise. Labiche v. Louisiana Patients’ Compensation Fund Oversight Board, 98-2880 (La.App. 1 Cir. 2/18/00), 753 So.2d 376, 380. A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. LSA-C.C. art. 3071. A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised. LSA-C.C. art. 3080. Thus, a valid compromise may form the basis for an objection of res judicata. Rivett v. State Farm Fire and Casualty Company, 508 So.2d 1356, 1359 (La.1987); also see Brown v. Drillers, Inc., 93-1019 (La.1/14/94), 630 So.2d 741, 746 n. 5.
|4In Ortego v. State, Department of Transportation and Development, 96-1322 (La.2/25/97), 689 So.2d 1358, 1363, the Supreme Court stated that a party claiming res judicata based on a compromise agreement must have been a party to the compromise.[3] Relying on this statement, several appellate courts have held the same. For example, in Five N Company, L.L.C v. Stewart, 02-0181 (La.App. 1 Cir. 7/2/03), 850 So.2d 51, 62, this court specifically rejected a plea of res judicata made by defendants/exceptors who “were neither parties to the compromise agreement nor successors to any of the parties or property rights involved in the compromise agreement.” The Five N Company court stated, “because [the exceptors] have not established the ‘identity of the parties’ element that is required for res judicata, the compromise agreement and related judgment do not preclude this suit.” Id. Accord Hines v. Smith, 44,285 (La.App. 2 Cir. 8/12/09), 16 So.3d 1234, 1238-39, writ denied, 09-2001 (La.12/11/09), 23 So.3d 922; Spires v. State Farm Mutual Auto *19 mobile Insurance Company, 08-573 (La.App. 3 Cir. 11/5/08), 996 So.2d 697, 700, writ denied, 08-2871 (La.2/6/09), 999 So.2d 783; and Carrie v. Louisiana Farm Bureau Casualty Insurance Company, 04-1001 (La.App. 4 Cir. 2/16/05), 900 So.2d 841, 844, writ denied, 05-0711 (La.5/6/05), 901 So.2d 1099. Further we note the general principle that, if there is any doubt as to its application, the exception of res judi-cata must be overruled. Pierrotti v. Johnson, 11-1317 (La.App. 1 Cir. 3/19/12), 91 So.3d 1056, 1063.
In its opposition to the Garrisons’ appeal, James Construction relies on the case of Tyler v. Roger, 08-2468 (La.App. 1 Cir. 6/12/09), 2009 WL 1655840 (unpublished opinion), in which this court affirmed a judgment granting an insurer’s exception of res judicata based on a prior release executed by the plaintiff to which the insurer was not a party. In Tyler, the plaintiff was involved in an automobile accident and filed a suit | Bfor damages against the driver of the other vehicle and his automobile insurer. She later amended her petition to add her own uninsured motorist (UM) insurer as a defendant. In due course, Ms. Tyler signed a release and settled her claims with the defendant driver and his insurer. Her UM insurer responded with an exception of res judicata, claiming it had been released from the lawsuit pursuant to the release executed by Ms. Tyler and the settling defendants. The trial court granted the UM insurer’s exception and dismissed Ms. Tyler’s claims against her UM insurer. On appeal, Ms. Tyler argued that her UM insurer could not raise res judicata, because it was not a party to the release. In light of the broad “plain” language of the release agreement, however, the Tyler court determined the UM insurer was released from liability for any claims Ms. Tyler had against it and affirmed the trial court judgment. The Tyler majority opinion did not address whether the UM insurer could properly assert res judicata when it was not a party to the release.[4]
In a dissenting opinion in Tyler, Judge Guidry disagreed with the majority opinion, citing Ortego, because there was no evidence that Ms. Tyler’s UM insurer was a party to the compromise executed by Ms. Tyler and the settling defendants. In a concurring opinion in Tyler, Judge Gaidry opined that the compromise agreement contained a stipulation pour autrui in favor of Ms. Tyler’s UM insurer, and the *20 UM ^insurer was entitled to avail itself of the benefit of the release.[5] Although Judge Gaidry did not directly state so, his reasoning implies that, even though Ms.Tyler’s UM insurer was not a principal party to the compromise agreement, it could still properly assert res judicata, because it was a third-party beneficiary to the compromise agreement.
In light of Orbego and this court’s opinion in Five N Company, and resolving any doubt against-the application of res judica-ta, we disagree with the Tyler majority insofar as it affirmed a judgment in favor of a party based on res judicata when that party was not a party to the compromise underlying thé basis of res judicata objection. Further, we decline to extend Judge Gaidry’s reasoning in his Tyler concurrence to the present case by finding that the release executed by Mrs. Garrison contained a stipulation pour autrui in favor of James Construction. Although James Construction may choose to later assert this as a defense to the .Garrisons’ action, we express no opinion regarding the merits of that defense, as that issue is not before us at this time. ■
Thus, we conclude we are bound to follow Ortego and Five N Company, which require that a party asserting res judicata based on a compromise agreement must have been a party to the compromise agreement.[6] To the extent Tyler conflicts with this principle of law; we overrule that decision. Accordingly, because James Construction was not a party to the original release signed by Mrs. Garrison, it cannot raise the objection- of res judicata in this case.
RIGHT OF ACTION
We. next turn to the trial court’s alternative basis for ruling in favor of James Construction and dismissing the Garrisons’ claims; that is, the trial court interpreted James Construction’s exception as raising the objection of no right of action. The 17peremptory exception pleading the objection of no right of action tests whether the plaintiff has any interest in judicially enforcing the right asserted. LSA-C.C.P. art. 927(A)(6). Simply stated, the objection of no right of action tests whether this particular plaintiff, as a matter of law, has an interest in the claim sued on. OXY USA Inc. v. Quintana Production Company, 11-0047 (La.App. 1 Cir. 10/19/11), 79 So.3d 366, 376, writ denied, 12-0024 (La.3/2/12), 84 So.3d 536. The exception does not raise the question of the plaintiffs ability to prevail on the merits nor the question of whether the defendant may have á valid defense. Id. To *21 prevail on an objection of no right of action, the defendant- must show the plaintiff does not have an interest in the subject matter of the suit or legal capacity- to proceed with the' suit. Whether a plaintiff has a right of action is ultimately a question of law; therefore, it is reviewed de novo on appeal. Id
Mrs. Garrison clearly had an interest in bringing this suit for personal injuries, since she was a party who allegedly sustained injuries in the motorcycle accident. Injured persons constitute a class of persons to which the law affords a remedy. Morris v. Fleniken, 473 So.2d 319, 320 n. 2. (La.App. 1 Cir.1985). The fact that Mrs. Garrison’s recovery against James Construction might ultimately be barred, because of the rights she gave up by signing the original release, does not change her interest in the subject matter of this suit. Id. Rather, a release constitutes a defense. Boudreaux v. Government Employees Insurance Company, 454 So.2d 135, 137 (La.App. 1 Cir.1984), writ denied, 462 So.2d 1245 (La.1985). The objection of no right of action may not be used to argue that a plaintiff is without interest simply because the defendant has a defense to' the action. Id. Thus, based on our de novo review, we conclude the trial court also erred in rendering judgment in favor of James Construction based on a finding that Mrs. Garrison had no right of action.
Although James Construction may raise the original release as a defense to the Garrisons’ suit,[7] it may not do so via the exceptions of res judicata and no right of Laction. Therefore, we are constrained to reverse the trial court’s judgment.
CONCLUSION
For the reasons assigned, we hold that a party claiming res judicata based on a compromise agreement must have been a party to the compromise. We overrule this court’s opinion in Tyler v. Roger, 08-2468 (La.App. 1 Cir. 6/12/09), 2009 WL 1655840 (unpublished opinion). The trial court’s January 22, 2014 judgment, granting James Construction’s peremptory exceptions raising the objections of res judi-cata and no right of action, and dismissing the claims of Trena and Thomas Garrison with prejudice, is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of the appeal are assessed to James Construction Group, LLC.
REVERSED AND REMANDED.
THERIOT, J. agreeing in part and dissenting in part.
HOLDRIDGE, J., agreeing in part and dissenting in part.
PETTIGREW, J., concurs in part and dissents in part,-and assigns reasons.

. The original release provided, in pertinent part:
For the [s]ole consideration of [$25,000,] ... the undersigned hereby releases and forever discharges Thomas Garrison and State Farm Insurance!,] their heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or, who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all bodily injuries, known and unknown, which [have] resulted or may in the future develop from an accident which occurred on or about the 21st of April, 2010, ... at or near Baton Rouge[,] Louisiana[J
[[Image here]]
Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the-purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident. (Emphasis added.)

. We note that James Construction's exception only sought dismissal of Mrs. Garrison’s claims, but the trial court’s judgment dismissed the claims of both Mr. and Mrs. Garrison. At oral argument of this matter, counsel for the Garrisons explained that Mr. Garrison's claim was a loss of consortium claim that was derivative of Mrs. Garrison’s personal injury. Although the claim of loss of consortium is derivative of the primary victim’s injuries, the claim is not derivative of the victim’s ability to assert a claim. See Leray v. Nissan Motor Corporation in U.S.A., 05-2051 (La.App. 1 Cir. 11/3/06), 950 So.2d 707, 711. And, a compromise made by one of the interested parties to a matter is not binding for the others. See former LSA-C.C. art. 3077, now LSA-C.C, art. 3075. Thus, it appears the judgment incorrectly dismissed both Mr. Garrison's claims.

. Ortego applied the law in effect before the res judicata law underwent significant changes in 1990. The identical parties requirement, however, was a requirement before and after the changes. See Burguieres v. Pollingue, 02-1385 (La.2/25/03), 843 So.2d 1049, 1054-55. This court had held similarly before Ortego was decided. See Rodriguez v. Louisiana Tank, Inc., 94-0200 (La.App. 1 Cir. 6/23/95), 657 So.2d 1363, 1369, writ denied, 95-2268 (La. 11/27/95), 663 So.2d 739 and Edmond v. Granger, 521 So.2d 627, 628 (La.App. 1 Cir.), writ denied, 522 So.2d 573 (La.1988). And, recently, the Supreme Court has restated this principle, albeit in dicta. See Chauvin v. Exxon Mobil Corporation, 14-0808 (La. 12/9/14), 158 So.3d 761, 765-66; Oliverv. Orleans Parish School Board, 14-0329 (La. 10/31/14), 156 So.3d 596, 613.

. The Fifth Circuit has also allowed a party to a lawsuit who was not a party to a prior compromise to successfully raise a plea of res judicata. See Silva v. State Farm Mutual Automobile Insurance Company, 09-686 (La.App. 5 Cir. 3/23/10), 38 So.3d 934, 937-38, writ denied, 10-0932 (La.6/25/10), 38 So.3d 342 (Release signed by UM insured that discharged "any and all persons, firms and corporations” operated as a dismissal of claims against UM insurer, even though release did not specifically list UM insurer; broad language of release was clear and unambiguous, stated that insured read and knew contents of agreement for purpose of making a full and final compromise and to preclude any further claims arising out of accident, and insured was clearly aware of claim against UM carrier that arose directly out of accident.) (one judge dissenting due to lack of "same parties” requirement); also see Tran v. Farmers and Merchants Insurance Company, 04-793 (La.App. 5 Cir. 12/14/04), 892 So.2d 88, 90, writ denied, 05-0147 (La.4/1/05), 897 So.2d 604 (Compromise executed between motorist, defendant driver, and driver's insurer in which motorist released driver, driver's insurer, and "all other persons, firms or corporation liable or who might be claimed to be liable, ... precluding forever any further or additional litigation arising out of the aforesaid accident,” in consideration for sums received by driver and driver's insurer, also released driver’s employer and employer’s insurer from liability, and thereby formed basis for exception of res judicata, in motorist's action against employer and employer’s insurer.)

. A contracting party may stipulate a benefit for a third person called a third party beneficiary. LSA-C.C. art. 1978. Such a contract for the benefit of a third party is commonly referred to as a stipulation pour autrui. Eagle Pipe and Supply, Inc. v. Amerada Hess Corporation, 10-2267 (La.10/25/11), 79 So.3d 246, 282-283, citing Joseph v. Hospital Service District Number 2 of Parish of St. Mary, 05-2364 (La.10/15/06), 939 So.2d 1206, 1211. The criteria for determining whether contracting parties have provided a benefit for a third party are: 1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the prom-isee. A stipulation pour autrui can never be presumed and the party claiming its benefit bears the burden of proof. Id., 79 So.3d at 283.

. A federal district court has concluded that "the statutory text and holding in Onego, together with decisions from various Louisiana intermediate courts, persuade [this] Court that res judicata based on a compromise agreement requires that the parties to the subsequent suit be identical to the parties of the compromise agreement.” Hall v. Mac Papers, Inc., No. 10-4409 (E.D.La.4/18/12), 2012 WL 1343968 (unpublished).

. See, e.g., Hudson v. Progressive Security Insurance Company, 43,857 (La.App. 2 Cir. 12/10/08), 1 So.3d 627, writ denied, 09-0235 (La.3/27/09), 5 So.3d 148 (summary judgment in favor of insurer based on finding that release signed by plaintiff contained a stipulation pour autrui in favor of insurer); see also Romero v. Allstate Insurance Company, 08-256 (La.App. 3 Cir. 5/13/09), 11 So.3d 579, 581-82, writ denied, 09-1325 (La.10/9/09), 18 So.3d 1283.