CRAIN, J.
*312 In this workers' compensation proceeding, Benny Hernandez appeals a judgment sustaining a peremptory exception of res judicata and dismissing his claims against his employer and its insurer. We affirm.
FACTS AND PROCEDURAL HISTORY
On September 16, 2014, Hernandez was injured while working at a plant in Donaldsonville. Hernandez, represented by counsel, filed a disputed claim for compensation against his employer, ASAP Employment Services, Inc., and its insurer, Louisiana Construction and Industry Self Insurers Fund (LCI). The parties negotiated a settlement, which was approved by the workers' compensation judge (WCJ), and Hernandez's claim was dismissed with prejudice on May 16, 2016.
On September 15, 2016, Hernandez, appearing in proper person, filed another disputed claim for compensation based on the same incident, again naming ASAP and LCI as defendants, as well as other companies not parties to this appeal. ASAP and LCI responded with a peremptory exception of res judicata, which, following a hearing, was granted. In a judgment signed on March 22, 2017, Hernandez's claims against ASAP and LCI were dismissed with prejudice. Hernandez appeals.[1]
DISCUSSION
Under the doctrine of res judicata , a valid, final judgment precludes a second action when (1) the parties are the same, (2) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first suit, and (3) the cause or causes of action asserted in the second suit arose out of the same transaction or occurrence that was the subject matter of the first suit. See La. R.S. 13:4231 ; Burguieres v. Pollingue , 02-1385 (La. 2/25/03), 843 So.2d 1049, 1053. Similarly, a compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised. La. Civ. Code art. 3080. Thus, a valid compromise may form the basis for an objection of res judicata. Garrison v. James Construction Group, LLC , 14-0761 (La. App. 1 Cir. 5/6/15), 174 So.3d 15, 18 (en banc ), writ denied , 15-1112 (La. 9/18/15), 178 So.3d 146.
The burden of proving the facts essential to sustaining the objection is on the party pleading the objection.
*313 Cepriano v. B Square Builders, L.L.C. , 14-1568 (La. App. 1 Cir. 4/24/15), 170 So.3d 1043, 1047. Where, as here, an objection of res judicata is raised before the case is submitted, and evidence is received on the objection, factual findings are reviewed under the manifest-error standard of review. See Mitchell v. Aaron's, Inc. , 18-0131 (La. App. 1 Cir. 9/21/18), 257 So. 3d 812 (2018 WL 4519951) ; Cepriano v. B Square Builders, L.L.C. , 14-1568 (La. App. 1 Cir. 4/24/15), 170 So.3d 1043, 1047. However, the res judicata effect of a prior judgment is a question of law that is reviewed de novo on appeal. Mitchell , 257 So. 3d at ---- ; Cepriano , 170 So.3d at 1047 ; Rogillio v. SNL Distribution Services Corp., 13-1449 (La.App. 1 Cir. 3/24/14), 143 So.3d 517, 519.
In a workers' compensation case, the doctrine of res judicata applies to a final judgment denying benefits and a compromise approved by the WCJ pursuant to Louisiana Revised Statutes 23:1271 through 1274. See Borja v. FARA , 16-0055 (La. 10/19/16), 218 So.3d 1, 10. In relevant part, Subsection 23:1272A requires the submission of a proposed settlement to the WCJ for approval through a petition signed by all parties and verified by the employee. When the employee is represented by counsel, the WCJ must approve the settlement if the employee and his counsel certify the following information in affidavits attached to the petition: (1) the attorney explained the rights of the employee and the consequences of the settlement to him, and (2) the employee understands his rights and the consequences of entering into the settlement. See La. R.S. 23:1272B.
In support of their exception, ASAP and LCI introduced the settlement agreement, the joint petition for approval and affidavits attached thereto, the order of approval, and the order of dismissal. In relevant part, the joint petition for approval states:
Benny Hernandez understands that in consideration of [ASAP] and [LCI's] payment of TWENTY-FIVE THOUSAND ($25,000.00) AND NO/100 DOLLARS plus a waiver of its lien in Benny Hernandez's third party tort claim, he releases in full all claims which he has, or may hereafter have, whether for personal injury, retaliatory discharge, or any other cause of action related to his employment at ASAP Employment Services, Inc. and against [ASAP], [LCI], their officers, directors, agents, employees, insurers or representatives for any injuries which he may have sustained during his employment with [ASAP] on or anytime prior thereto or since, as well as for any other accidents or injuries which might be associated with his employment with [ASAP] to the date hereof, including, but not limited to, the development of any disability as a result of any injury to his ribs and back as a result of his September 16, 2014 accident.
In an affidavit attached to the joint petition for approval, Hernandez attested to the terms of the settlement, including the amount thereof and his release of ASAP and LCI from any further liability, and confirmed he read the petition and the allegations contained therein are true and correct to the best of his knowledge, information and belief. Hernandez's counsel likewise signed an attached affidavit wherein he confirmed, in relevant part, Hernandez was advised of the terms of the settlement and agreed to same. Based upon the foregoing, we find no error in the WCJ's determination the parties complied with the requirements of Section 23:1272.
Once the statutory procedural requirements have been satisfied and the WCJ enters an order approving a compromise *314 settlement, the judgment is conclusive and cannot be set aside except for fraud, misrepresentation, or ill practices. See La. R.S. 23.1272B; La. Code Civ. Pro. art. 2002 ; Smith v. Isle of Capri Casino &Hotel , 10-0161 (La. App. 1 Cir. 9/10/10), 47 So.3d 642, 644. Hernandez argues the agreement is "not correct" and was fraudulently confected, although his only specific assertion on appeal is the defendants did not pay his medical bills. At the hearing, Hernandez's evidence was limited to his testimony, which largely consisted of his contention the settlement was "unfair" because the agreed compensation should have been greater. He also stated he signed the agreement while on pain medication and under the duress of a "fraud" accusation by the defendants.
As clarified at the hearing, the mention of a fraud accusation is a reference to the defendants' position, fully disclosed and reiterated in the joint petition to approve the settlement, that Hernandez was not truthful in completing a medical questionnaire administered pursuant to Louisiana Revised Statute 23:1208.1. Hernandez offered no evidence suggesting the defendants' contention lacked a factual basis or was itself fraudulent. As to his medication, Hernandez generally testified it "sometimes" affected his comprehension; however, he acknowledged signing all of the settlement documents, including his affidavit, and never stated the medication prevented him from understanding the settlement or, more to the point, that any impairment was the result of fraud, misrepresentation, or ill practices.
The limited evidence offered by Hernandez does not establish that fraud, misrepresentation, or ill practices influenced the judicially-approved settlement of his claim. Accordingly, the WCJ's determination the compromise is valid is not manifestly erroneous. See Charles v. Lakeside National Bank , 97-812 (La. App. 3 Cir. 12/17/97), 704 So.2d 427, 430 ; Nelams v. Allen's TV Cable , 95-444 (La. App. 3 Cir. 11/2/95), 664 So.2d 563, 566 ; Guidry v. One Source Facility Services , 04-2007 (La. App. 4 Cir. 4/27/05), 901 So.2d 626, 628-29 ; compare McCarroll v. Livingston Parish Council , 13-2120 (La. App. 1 Cir. 10/27/14), 156 So.3d 1173, 1175-78, writ denied , 14-2498 (La. 2/27/15), 159 So.3d 1068.
Hernandez seeks recovery herein of workers' compensation benefits from ASAP and LCI for the injuries allegedly sustained in the same accident that gave rise to his prior claim. Because the parties validly compromised that claim, the WCJ did not err in sustaining the exception of res judicata and dismissing Hernandez's claims with prejudice. See La. R.S. 13:4231 ; Davis v. J.R. Logging, Inc ., 13-0568 (La. App. 1 Cir. 11/8/13), 136 So.3d 828, 831, writ denied , 14-0860 (La. 6/20/14), 141 So.3d 812.
CONCLUSION
The March 22, 2017 judgment is affirmed. All costs of this appeal are assessed to Benny Hernandez.
AFFIRMED; MOTION TO DISMISS DENIED.
Guidry, J. Dissents and assigns reasons
Pettigrew, J. dissents

The WCJ certified the judgment as final pursuant to Louisiana Code of Civil Procedure article 1915B. Although such certifications are generally not permissible in a workers' compensation proceeding, see Marquez v. Jack Ussery Construction , 06-1852, p. 6 (La. App. 1 Cir. 6/8/07), 964 So.2d 1045, 1049, writ denied , 07-1404 (La. 10/12/07), 965 So.2d 400, the WCJ signed additional judgments shortly thereafter dismissing all of Hernandez's claims against the remaining defendants. For this reason, we find the March 22, 2017 judgment properly appealable and deny the motion to dismiss the appeal filed by Xcel Erectors, Inc.