Judgment rendered July 16, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,354-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SRP ENVIRONMENTAL, LLC                    Plaintiff-Appellant

versus

BURYCHKA ENTERPRISES, LLC                 Defendants-Appellees
D/B/A SERVPRO OF EAST
BATON ROUGE, INC.,
SOUTHERN REGIONAL
MEDICAL CORPORATION D/B/A
LEONARD J. CHABERT
MEDICAL CENTER, LCTCS
FACILITIES CORPORATION,
AND LOUISIANA BOARD OF
REGENTS D/B/A LOUISIANA
UNIVERSITIES MARINE
CONSORTIUM

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 646,034

Honorable Christopher T. Victory, Judge

* * * * *

D'ARCY VICKNAIR, LLC                       Counsel for Appellant
By: Adrian A. D'Arcy
    William D. Mumfrey

KEAN MILLER, LLP                           Counsel for Appellees,
By: Michael D. Lowe                        Burychka Enterprises,
    Jessica C. Engler                      LLC and Servpro of East
    Blair E. Boyd                          Baton Rouge, Inc.

* * * * *

Before THOMPSON, ROBINSON, and ELLENDER, JJ.

**THOMPSON, J.**

A dispute between two parties to construction contracts arose over the remaining balance on invoices and resulted in an action for damages due to an alleged breach of those contracts. The defendant filed an answer and exception, asserting that plaintiff had no right to sue due to a settlement agreement between the parties. After a hearing, the trial court granted the defendant's exception of no right of action, dismissing all of plaintiff's claims with prejudice. For the following reasons, and without addressing the merits of the underlying claims or defenses thereto, we reverse the trial court's ruling, finding that the plaintiff, as a party to the contracts, has a right of action against the defendant, the remaining party to the contracts. We remand this matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

SRP Environmental, LLC ("SRP") and Burychka Enterprises, LLC d/b/a ServPro of East Baton Rouge, Inc. ("ServPro") entered into two contracts. The first, dated September 1, 2021, provided that SRP would perform services related to work at the Lenoard J. Chabert Medical Center in Houma, Louisiana (the "Chabert contract"), and the second, dated September 8, 2021, was a master services agreement (the "MSA") between the two parties related to multiple ongoing projects. These contracts involved construction and repairs resulting from damage from Hurricane Ida to buildings at Delgado Community College ("Delgado"), the Leonard J. Chabert Medical Center, and the Louisiana Universities Marine Consortium ("LUMCON") building. ServPro was hired by the State of Louisiana and Ochsner Health to perform water remediation services on these and other

buildings. ServPro then hired SRP to provide moisture mapping services in connection with the remediation and construction projects.

ServPro submitted its own invoices and those of its vendors, including SRP, for payment to the State at the termination of work. There was a dispute over SRP's invoices between ServPro and the State. In March of 2022, ServPro paid SRP $100,000 of the invoiced balance as a partial payment. ServPro argues that SRP's work was untimely and inefficient. As of March 31, 2022, the remaining balance owed to SRP by ServPro totaled $381,223.75, based on SRP's invoices.

On July 19, 2022, Darren Burychka ("Burychka"), the owner and agent of ServPro, emailed Parker Olsen ("Olsen"), of SRP, a settlement offer (the "settlement offer"), which stated the following:

> Parker,
>
> I would like to get some information over to you in an effort to settle the outstanding invoices from Hurricane Ida. While the state has lowered the labor rates you submitted to our contract rates, we would like to offer what we think is fair and certainly more than the state is willing to pay us. Chabert has made no effort to settle on the SRP invoicing so we would like to make an offer on each of the invoices. Our offers are listed below and do not include the $100k payment that has already been made:
>
> LUMCON - $56,720.00
> Delgado - $19,924.00
> Chabert - $152,750.00
>
> We will have another meeting with the state tomorrow morning in an effort to settle all of our open invoices and will present this info if you will agree. You may reply or give me a call on my mobile number listed below.
>
> Thanks and have a good afternoon!

Keith Sampson ("Sampson"), the managing member of SRP, authorized Joslyn Smith ("Smith"), who also worked at SRP, to accept the settlement

2

offer on July 21, 2022. Smith emailed Burychka to accept the offer on the same day. ServPro sent a check in the amount of $129,394 to SRP. ServPro altered SRP's invoices to total $129,394 and submitted them to the State for payment. The State paid the balance of $129,394 to ServPro.

On January 11, 2023, Sampson spoke on the phone with Burychka regarding the $100,000 remaining balance that SRP believed it was owed, based on the email outlining the settlement. Burychka argued that the $129,394 payment was the full settlement amount and ServPro did not owe anything else to SRP. Displeased by what it considered to be a new position taken by Servpro on settlement of the remaining balance owed, on September 11, 2023, SRP filed a petition for damages seeking the full amount remaining and due. The petition alleged that SRP and ServPro entered into multiple contracts, work was performed by SRP pursuant to those contracts, SRP submitted invoices to ServPro for the work performed, ServPro paid a portion of its invoiced amount owed, and upon demand, ServPro refused to pay any further amount owed under the contracts. SRP alleged breach of contract by ServPro pursuant to the various contracts between the two parties. In response, ServPro filed an answer, an exception of no right of action, affirmative defenses, and a counterclaim against SRP.

On May 8, 2024, the hearing on the exception was held, and the trial court granted the exception of no right of action and dismissed all of SRP's claims against ServPro, with prejudice. In the judgment signed May 23, 2024, the trial court ruled:

> **IT IS HEREBY ORDERED, ADJUDGED, and DECREED:**
> the Defendant's Exception of No Right of Action is
> GRANTED.

3

(emphasis original). SRP now appeals.

## ASSIGNMENTS OF ERROR

SRP asserts the following four assignments of error:

**First Assignment of Error:** The trial court erred in improperly granting ServPro's Exception as it was the improper procedural vehicle.

**Second Assignment of Error:** The trial court erred in its use of extrinsic and parol evidence when interpreting the clear language of ServPro's Settlement Offer which SRP accepted.

**Third Assignment of Error:** The trial court erred in concluding that an enforceable settlement was reached between SRP and ServPro for the settlement amount argued by ServPro.

**Fourth Assignment of Error:** The trial court erred in determining that a meeting of the minds occurred between SRP and ServPro concerning the settlement amount.

## DISCUSSION

SRP contends in its first assignment of error that the trial court erred in granting ServPro's exception of no right of action. In its answer and exception, ServPro argued that SRP had no legal cause to demand payment on and associated damages from allegedly overdue invoices because the parties already resolved all claims relating to the invoice payments by a settlement payment, pursuant to La. C.C.P. art. 927(6). La. C.C.P. art. 927(6) states that a peremptory exception includes no right of action, or no interest in the plaintiff to institute the suit.

Only a person having a real and actual interest to assert may bring an action. La. C.C.P. art. 681, *Nat'l Collegiate Student Loan Trust 2006-1 v. Huggins*, 55,786 (La. App. 2 Cir. 10/2/24), 399 So. 3d 847; *Campbell v. Nexion Health at Claiborne, Inc.*, 49,150 (La. App. 2 Cir. 10/1/14), 149 So. 3d 436. An exception of no right of action is a peremptory exception, the

4

function of which is to show that, based upon the facts alleged and the evidence submitted, a plaintiff has no legal right or interest in enforcing the matter asserted. La. C.C.P. art. 932; *Campbell*, *supra*. It asks whether the plaintiff belongs to the class of person to whom the law grants the cause of action asserted. *Campbell*, *supra*. The objection of no right of action tests whether this particular plaintiff, as a matter of law, has an interest in the claim sued on. The exception does not raise the question of the plaintiff's ability to prevail on the merits nor the question of whether the defendant may have a valid defense. *Garrison v. James Const. Group, LLC*, 14-0761 (La. App. 1 Cir. 5/6/15), 174 So. 3d 15, *writ denied*, 15-1112 (La. 9/18/15), 178 So. 3d 146. The burden of proof of establishing the exception of no right of action is on the exceptor. *Campbell, supra*. An exception of no right of action presents questions of law requiring a *de novo* review by the appellate court. La. C.C.P. art. 927; *Huggins*, *supra*.

This assignment of error by SRP has merit. A *de novo* review of the records demonstrates that SRP clearly has a right of action in this matter. It is undisputed that SRP and ServPro entered into several contracts at issue in the present matter and that SRP filed a petition for damages for breach of those contracts. As a party to the contracts, SRP has real and actual interest in the breach of contract claim. *See Nat'l Collegiate Student Loan Trust 2006-1 v. Huggins*, *supra*.

In its argument to this Court, ServPro contends that the trial court looked beyond the title of the exception of no right of action and found that the substance of the motion was actually a motion to enforce settlement or an exception of res judicata. However, the record reflects that not only was

5

the pleading filed as an exception of no right of action, but the judgment is clear that what the trial court granted was in fact an exception of no right of action. This is not a situation in which the caption of a motion is inadvertently inaccurate. The specific exception was filed and ruled upon, which, in consideration of the facts of this matter, we find to be erroneous. As noted above, SRP has a right of action in this proceeding, and the trial court's judgment to the contrary was in error. Because we reverse and remand on this assignment of error, we will pretermit a discussion of the remaining assignments of error.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's granting of the exception of no right of action and remand the matter for further proceedings. Costs of this appeal are assessed to Burychka Enterprises, LLC d/b/a ServPro of East Baton Rouge, Inc.

**REVERSED AND REMANDED.**