## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-495


**MICHAEL G. FIELD, ET AL.**

**VERSUS**

**LAFAYETTE PARISH SCHOOL BOARD**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2014-0665
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John D. Saunders, and Shannon J. Gremillion, Judges.


**AFFIRMED.**


**Thomas E. Loehn**
**Boggs, Loehn & Rodrigue**
**2324 Severn Avenue, Suite 100**
**Metairie, LA 70001**
**(504) 828-1202**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
  **Michael G. Field**
  **Jenna E. Field**

**Tonya R. Smith**
**Kathy S. Boudreaux**
**Brenda L. Mistrot**
**Smith & Boudreaux, LLC**
**200 Travis St., Suite 103**
**Lafayette, LA 70503**
**(337) 504-7765**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**    Lafayette Parish School Board-Principal**

**SAUNDERS, J.**

This workers' compensation and tort dispute involves the battery of a school teacher who was six-weeks pregnant at the time of the incident. The trial court granted summary judgment in favor of the school board and dismissed with prejudice all of plaintiff's claims against the school board. We affirm.

**FACTS AND PROCEDURAL HISTORY:**

Jenna Field, hereinafter Plaintiff, was an English teacher at Northside High School at the time of the incident. On March 7, 2013, one of Plaintiff's students, Charles Benjamin, Jr., had a dispute with another student and attempted to leave the classroom to fight with him in the hallway. Plaintiff tried to keep Benjamin, Jr. inside the classroom by holding the door to the hallway closed, but the student hit Plaintiff in the stomach repeatedly after being asked to return to his seat. Benjamin, Jr. was arrested by the School Resource officers and charged with battery of a school teacher. He pled no contest to these charges on November 30, 2015.

After the incident, Plaintiff began to bleed vaginally and left school to be examined by her obstetrician. Despite the actual number of blows and the extent of damage done being in dispute, Plaintiff's doctor noted some bleeding at the cervix that was visible on the ultrasound but no bruising on her abdomen or stomach. Plaintiff's obstetrician noted that the bleeding could have been coincidental and was not uncommon for pregnancies at this stage. Plaintiff's child, Eliana Field, was later born and determined to have an injury to her kidney, which was classified as congenital in nature. Plaintiff sought and continues to receive psychological treatment with an independent psychiatrist employed by the Lafayette Parish School Board, hereinafter "the LPSB."

Plaintiff and her husband, Michael G. Field, individually and on behalf of their child, brought suit on February 10, 2014, against the LPSB, the principal of

Northside High School, and Benjamin, Jr., individually and through his parent, Charles Benjamin, Sr.

The case was set as a bench trial on March 7, 2016. The LPSB filed a motion for summary judgment on January 14, 2016, which was set for hearing on February 16, 2016. At this hearing, the trial court continued the trial date on its own motion so it could consider the motion for summary judgment in light of the newly changed Louisiana Code of Civil Procedure Article 966, which, as revised, requires a motion for summary judgment to be heard more than thirty days before trial. After considering the pleadings and arguments of the counsel, the motion for summary judgment was granted and dismissed all of Plaintiff's claims against the LPSB with prejudice on March 10, 2016. It is from this judgment that Plaintiffs appeal.

Also before this Court is a motion to strike filed on behalf of the LPSB. It involves an email sent after the hearing on the motion for summary judgment and its attachment to the appellate record in a reply brief submitted by Plaintiffs. For the reasons assigned below, we affirm the decision of the trial court.

**ASSIGNMENTS OF ERROR:**

1.  The trial court committed legal error when it granted the Motion for Summary Judgment filed by the LPSB.

2.  The trial court committed legal error when it improperly dismissed plaintiff's claims against the LPSB.

3.  The trial court committed legal error when it improperly applied the provisions of La. C.C. Art. 2320.

4.  The trial court committed legal error when it improperly applied the law pertaining to intentional tort claims against an employer as allowed for under the Louisiana Workers' Compensation Statute La. R.S. 23:1032(B).

5.  The trial court committed legal error when it erred in requiring the plaintiff to prove that the LPSB committed an intentional act when under La. C.C. Art. 2320, the LPSB can be held liable for the actions of students while under their superintendents if the LPSB could have prevented the harm.

**ASSIGNMENTS OF ERROR ONE, TWO, AND FOUR:**

In their first, second, and fourth assignments of error, Plaintiffs' main contention rests in the trial court's granting of the LPSB's motion for summary judgment. We will address these three together since they are governed under the same standard of review and involve the singular issue of the granting of the summary judgment.

**STANDARD OF REVIEW:**

> "Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate." *Elliott v. Continental Cas. Co.*, 06-1505, p. 10 (La. 2/22/07), 949 So.2d 1247, 1253 (quoting *Reynolds v. Select Props., Ltd.*, 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183). A summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art.966(B)(2).[5]
>
>> [5] We note that La.Code Civ.P. art. 966 was amended by 2015 La. Acts No. 422, § 1, and its provisions became effective on January 1, 2016. This matter is considered applying the provisions of the Louisiana Code of Civil Procedure as they existed at the time of the trial court's consideration. See 2015 La. Acts. No. 422, § 2 which states:"The provisions of this Act shall not apply to any motion for summary judgment pending adjudication or appeal on the effective date of this Act."

*Savoie v. Calcasieu Parish Ward Four Fire District No. 2*, p. 5 (La.App. 3 Cir. 9/28/16), __ So.3d__, __ (footnote in original).

**DISCUSSION OF THE MERITS:**

If an employee is injured in the course and scope of his employment, his exclusive remedy is workers' compensation. La.R.S. 23:1032(A); *Ponthier v. Brown's Mfg.*, Inc., 95-1606 (La.App. Cir. 4/3/96, 3), 671 So.2d 1253. As shown in the record, there is no dispute that Plaintiff was injured during the course and scope of her employment; Plaintiff was a teacher employed by Northside High

School, and the battery occurred in her classroom during school hours. In fact, Plaintiff is currently receiving workers' compensation benefits and, additionally, assault pay pursuant to La. R.S. 17:1201(C)(1)(a).

Plaintiffs' main contention revolves around Jenna's ability to recover further under the intentional act exception of the workers' compensation Statute found in La.R.S. 23:1032(B). The exception provides, in pertinent part:

> Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

The statute as enacted limits the availability of tort recovery only to employees whose injuries are caused by genuine intentional acts. Anything less than intentional, whether it be gross negligence or violation of a safety rule, remains in workers' compensation. *Mouton v. Blue Marlin Specialty Tools*, *Inc.*, 01-648 (La.App. 3 Cir. 10/31/01), 799 So.2d 1215.

A Plaintiff must prove an employer's intent which is defined as: (1) consciously desiring the physical results of the particular conduct, or (2) knowledge that the physical results were "substantially certain" to follow such conduct. *Bazley v. Tortorich*, 397 So.2d 475, 482 (La.1981). In *Bazley*, the Court has continued to narrowly construe the intentional act exclusion and stated the following, in pertinent part:

> Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation.
> *Reeves v. Structural Preservation Systems,* 731 So.2d 208, 212 (La. 1999)

In *Evans v. Bossier Parish School Board*, 39-718 (La.App. 2 Cir. 5/11/05), 903 So.2d 600, 604, the court found that in order to prove an intentional tort, a party must satisfy the "substantial certainty" test and show that it is "more than a

reasonable probability that an injury will occur." This test has been further interpreted to mean an injury that is "inevitable . . . virtually sure . . . and incapable of failing." *Id*. (quoting *Charkhian v. National Environmental Testing, Inc.* 907 F.Supp. 961 (M.D.La. 1995)).

Based on the record before us, we find no evidence the LPSB "consciously desire[d] the physical results" of Plaintiff's battery or had "knowledge that the physical results were 'substantially certain' to follow such conduct." *Mouton,* 799 So.2d at 1218-19. There is no dispute that Benjamin, Jr. had an extensive history of disciplinary issues, but the LPSB's knowledge of his issues and re-admittance into Northside High School clearly do not amount to an intentional act as anticipated by the law or jurisprudence. There is no evidence in the record that any of the LPSB's actions amounted to an intentional act, nor any evidence showing that Benjamin, Jr. had attacked a teacher prior to the incident at hand. The trial court applied the standard of La. R.S. 23:1032(B) when it stated, "There's a big gap between . . . not following their procedures, negligence, even gross negligence, and intentional act."

After reviewing the record along with the law and jurisprudence before us, we agree with the trial court that Plaintiff is limited to the available remedies provided for under the workers' compensation statute, and additionally, that Plaintiffs have failed to prove the employer's intent for the harm that occurred in her classroom.

**ASSIGNMENTS OF ERROR THREE AND FIVE:**

Plaintiffs' third and fifth assignments of error rest in their argument over the application of La. Civ. Code art. 2320. Plaintiffs contend that the trial court erred in their application of the workers' compensation statue and exception when read in conjunction with La. C.C. Art. 2320. We disagree.

5

Louisiana Civil Code article 2320 states:

Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.

Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.

In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.

The master is answerable for the offenses and quasi-offenses committed by his servants, according to the rules which are explained under the title: *Of quasi-contracts*, and *of offenses* and *quasi-offenses*.

In order for this article to be applicable to Plaintiffs' suit, an intentional act must have been identified, as described in the aforementioned analysis. Because we find no such intentional act, the exception is not met. As such, we find that Plaintiffs' contentions in these assignments of error are pretermitted.

**ANCILLARY MATTER:**

On August 26, 2016, the LPSB filed a motion to strike from the record an email attached in Plaintiffs' reply brief to the opposition brief filed by the LPSB. Plaintiffs filed a motion in opposition to this motion. We grant the motion to strike. The email does not form part of the record before us, and therefore cannot be considered on appeal. The granting of this motion has no bearing on the result of this appeal.

**DISPOSITION:**

Plaintiffs, Jenna, Michael, and Eliana Field, raised five assignments of error. For the foregoing reasons, we affirm the trial court's decision. We assess all costs of this appeal to Plaintiffs, Jenna, Michael, and Eliana Field.

**AFFIRMED.**