NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2023 CA 0970

ELIZABETH HILL AND JOHN G. HILL

VERSUS

DARCY FRANKLIN, EAST BATON ROUGE PARISH SCHOOL SYSTEM[1] AND
XYZ INSURANCE COMPANY

Judgment rendered: **SEP 2 5 2024**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C-618930, Section 27

The Honorable Max N. Tobias, Jr., Judge Presiding

* * * * *

| | |
|---|---|
| Joseph Arthur Smith, III<br>Baton Rouge, Louisiana<br>and<br>Kirk A. Williams<br>Shona P. Boxie<br>Baker, Louisiana<br>and<br>Harris D. Butler, III, *pro hac vice*<br>Richmond, Virginia | Attorneys for Appellants<br>Elizabeth Hill and John G. Hill |
| Shelton Dennis Blunt<br>Monica M. Vela-Vick<br>Kevin W. Welsh<br>Jack B. Stanley<br>Baton Rouge, Louisiana | Attorneys for Appellee<br>The East Baton Rouge Parish<br>School Board |

* * * * *

BEFORE: WELCH, THERIOT, WOLFE, HESTER, AND STROMBERG, JJ.

Theriot, J. Agrees in part and dissents in part with reasons

Wolfe, J. dissents without reasons.

---

[1] The Hills incorrectly named the "East Baton Rouge Parish School System" as a defendant in their original petition, but its proper name is the East Baton Rouge Parish School Board, as reflected in its answer and the Hills' later-filed amended petition.

**STROMBERG, J.**

The plaintiffs appeal the district court's judgment sustaining the defendant's peremptory exception raising the objection of *res judicata* and dismissing that particular defendant from their tort suit seeking damages arising from an alleged intentional tort. The objection of *res judicata* was based on a consent judgment arising out of a settlement one of the plaintiffs and the defendant entered into in her workers' compensation proceeding arising out of the same incident. The defendant answered the appeal to reassert the other exceptions it filed should this court reverse the district court's judgment. For the following reasons, we reverse the district court's judgment, remand for further proceedings, and deny the answer to the appeal.

## FACTS AND PROCEDURAL HISTORY

On February 1, 2013, Elizabeth Hill and her husband, John G. Hill, filed a tort suit against Darcy Franklin, the East Baton Rouge Parish School Board (the School Board),[2] and an unnamed insurer. The Hills then filed a first amended petition on February 7, 2013. According to the petitions, Mrs. Hill and Mr. Franklin were employed by the School Board at Broadmoor Middle School. Mr. Franklin was the assistant principal of instruction, and Mrs. Hill monitored the Time-Out room. The Hills alleged that on February 3, 2012, Mrs. Hill told Mr. Franklin that the students he was attempting to send to the Time-Out room could not enter or stay without the required state referral. According to the petitions, Mr. Franklin then raised his voice, began arguing with Mrs. Hill, and ordered her to follow him to the principal's office, which she did. The Hills alleged that as a supervisor, Mr. Franklin had direct authority over Mrs. Hill. During the meeting in the office of the principal, Dr. Denise Charbonnet, to discuss the Time-Out policy, the Hills alleged that Mr. Franklin "approached [Mrs. Hill] and (without

_____

[2] See footnote 1.

2

provocation or warning) abruptly, intentionally and forcefully grabbed [Mrs. Hill] by her shoulders[,] pressing into her shoulders and pushed her [while] still holding onto [her]."[3] According to the petitions, Mr. Franklin did not release Mrs. Hill until Dr. Charbonnet told him to do so. After Mr. Franklin left the room, Mrs. Hill asked Dr. Charbonnet to call the police, but the police were not called on that day. In their petitions, the Hills alleged that the School Board was liable to them for damages under the theory of *respondeat superior* for Mr. Franklin's conduct and for its negligence.[4] The Hills sought damages for past, present, and future physical and mental pain and suffering, medical expenses, lost earnings and loss of earning capacity, inconvenience, loss of enjoyment of life, disfigurement, permanent disability, punitive damages, attorney's fees, legal interest, and costs.[5] On April 15, 2013, the School Board answered the petitions, denying the allegations and asserting affirmative defenses.

On November 15, 2016, the Hills filed a motion to amend their petition to which they attached their second amended petition, wherein they asserted a claim for statutory damages pursuant to La. R.S. 17:1201(C),[6] commonly referred to as

---

[3] After the meeting began, Mr. Franklin allegedly angrily and abruptly "storm[ed] out" and went into the common area, where he "began pacing, screaming and sweating (outside [Dr. Charbonnet's] office)." The Hills alleged that Mr. Franklin "re-entered the room swinging his arms back and forth and made un-consented physical contact with [Mrs. Hill,] causing her to bump her hip into the side of a table." The Hills also alleged that Mr. Franklin had several prior confrontations with Mrs. Hill regarding her responsibilities and the administrative rules.

[4] As to the School Board specifically, the Hills alleged that it was liable under *respondeat superior* for the "[i]ntentional malicious and reckless conduct imputed from [Mr. Franklin]" and for the intentional infliction of personal injuries, mental pain and anguish, and emotional distress "committed on [Mrs. Hill]" and "imputed from the conduct of [Mr. Franklin]." As to Mr. Franklin, the Hills alleged that he was acting in the course and scope of his employment and liable to them for damages for intentional torts, including battering and intentionally inflicting injuries upon Mrs. Hill, and negligence.

[5] Mr. Hill specifically sought damages for "past, present and future mental pain and suffering, mental anguish, medical expenses, lost earnings, loss of family income, loss of earning capacity, inconvenience, loss of enjoyment of life, loss of services, loss of consortium, loss of society and loss of love and affection."

[6] Louisiana Revised Statutes 17:1201(C)(1)(a) provides that a member of the teaching staff of the public schools who is injured or disabled while acting in her official capacity as a result of assault or battery by any student or person shall receive sick leave without a reduction in pay and

3

the "assault pay" statute for teachers.[7] In this second amended petition, the Hills also alleged that Mrs. Hill had filed a workers' compensation claim arising out of the incident and that her treating physician opined that Mrs. Hill's shoulder problems and surgery were related to the incident. The School Board opposed the Hills' motion to amend. After a hearing, the district court granted the Hills' motion to amend their petition.

The School Board and Mr. Franklin filed an unopposed motion to dismiss with prejudice Mr. Hill's claims for mental anguish, lost earnings, and medical expenses, and to enter a consent judgment as to the dismissal. The motion was granted in a judgment signed on March 6, 2017. Mr. Hill's remaining claims were for loss of services, society, and consortium. The School Board then filed an unopposed motion to dismiss the Hills' negligence claims against it and to dismiss with prejudice the Hills' punitive damages claims against it and Mr. Franklin, which was granted by the district court.

On May 1, 2017, the School Board filed exceptions, an answer, and affirmative defenses. The School Board set forth the declinatory exception raising the objection of lack of subject matter jurisdiction and the peremptory exceptions raising the objections of *res judicata*, prescription, no cause of action, and no right of action.[8]

---

without a reduction in accrued sick leave days while disabled as a result of such assault or battery.

[7] We note that in her supplemental memorandum in opposition to the School Board's exceptions, the Hills stated that Mrs. Hill "hereby withdraws" her claim for assault pay under La. R.S. 17:1201(C) because she retired in 2012. However, Mrs. Hill did not file a motion to dismiss that claim.

[8] We note that at the time these exceptions were filed, the objection of lack of subject matter jurisdiction was classified as a declinatory exception under La. C.C.P. art. 925. However, 2023 La. Acts, No. 5, §§ 1 and 3 (eff. Aug. 1, 2023) amended La. C.C.P. arts. 925 and 927 to classify the objection of lack of subject matter jurisdiction as a peremptory exception under La. C.C.P. art. 927.

4

On May 31, 2017, the Hills filed a motion to amend their second amended petition to add claims against the defendants.[9] On June 30, 2017, the School Board filed its memorandum in support of its exceptions with attached exhibits.[10] The School Board then amended its peremptory exception raising the objection of prescription in response to the second amended petition. After a hearing, the district court signed a judgment that granted Mrs. Hill's motion to amend the second amended petition (resulting in a third amended petition).

On September 28, 2017, the Hills filed another motion to amend their petition, which they entitled their fourth amended petition, to properly name the School Board and to add that Mr. Hill was the spouse of Mrs. Hill. The district court signed a judgment granting the motion to amend.

On November 9, 2022, the School Board filed a motion to reset the hearing on the exceptions, which had been passed without date on the original hearing date, October 30, 2017.[11] The district court granted the motion and reset the hearing for January 11, 2023. The Hills filed a supplemental memorandum with an attached

---

[9] The Hills added more claims against the School Board, alleging that it "[i]ntentionally caus[ed] emotional distress and mental pain and anguish" to Mrs. Hill by the following actions: removing her from her position as the Time-Out room moderator and placing her in a teaching position; admonishing her for following the rules for the Time-Out room that it provided; ordering her to disobey the Time-Out rules, making her vulnerable to being reprimanded and terminated; adopting the position that she should have disobeyed those rules on February 3, 2012 as to Mr. Franklin's students; not providing her with any approved written statement that she could deviate from the Time-Out rules; refusing to allow her to withdraw her resignation letter after it discovered that she was suffering from a psychological disease when she tendered her resignation; refusing to timely complete a workers' compensation form; delaying the investigation of and not properly investigating her assault and battery claims against Mr. Franklin; allowing a paid or borrowed servant to investigate her claims; erasing video recordings that demonstrated Mr. Franklin's behavior before and after the incident; and not ordering Mr. Franklin or Ms. Charbonnet to take a polygraph test.

[10] We note that while the School Board in its memorandum asserted the objections of lack of subject matter jurisdiction and prescription in the alternative, it did not plead the objections in the alternative when it filed them and initially asserted the objection of lack of subject matter jurisdiction.

[11] We note that between the original hearing date and the motion to reset it, the School Board filed a motion to compel an independent medical examination of Mrs. Hill or, alternatively, to strike any claims for damages based on an alleged mental health disability.

exhibit in opposition to the School Board's exceptions.[12] The School Board filed a reply memorandum with attached exhibits in support of its exceptions.

The district court ultimately held a hearing on the exceptions on March 6, 2023. In a judgment signed on March 30, 2023, the district court sustained the School Board's peremptory exception raising the objection of *res judicata* and dismissed the Hills' claims against it with prejudice. The district court then ruled that the other exceptions raised by the School Board were moot. From this judgment, the Hills appeal, and the School Board answers the appeal.[13]

## SUBJECT MATTER JURISDICTION

In this case, we must initially address a procedural matter. As noted previously, the School Board filed a declinatory exception raising the objection of lack of subject matter jurisdiction at the same time it filed peremptory exceptions raising the objections of *res judicata*, prescription, no cause of action, and no right of action. The district court did not rule on the School Board's objection of subject matter jurisdiction first, but initially ruled on the merits of the objection of *res judicata*, sustaining that objection and ruling that the other objections were then moot.

Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. Subject matter jurisdiction is created by the constitution or by legislative enactment. **Vance v. Edwards**, 2023-0016 (La. App. 1 Cir. 10/30/23),

---

[12] While the memorandum is entitled in part as a "**SUPPLEMENTAL MEMORANDUM**," the record does not contain a preceding memorandum despite the School Board's reference in its reply memorandum to the Hills' opposition to its exceptions with three attached exhibits allegedly filed on September 14, 2017.

[13] The judgment is a partial final judgment pursuant to La. C.C.P. art. 1915(A)(1) since it dismisses the Hills' suit against the School Board.

6

377 So.3d 710, 712 n.5. Subject matter jurisdiction cannot be waived or conferred by consent of the parties. See La. C.C.P. art. 3.

In this case, at the time that the objection of lack of subject matter jurisdiction was filed and ruled upon, the jurisprudence provided that the district court should first rule upon a declinatory exception raising the objection of lack of subject matter jurisdiction before ruling upon a peremptory exception filed before or at the same time. See **Tran v. Drinkable Air, Inc.**, 2021-0182 (La. App. 1 Cir. 10/8/21), 330 So.3d 1125, 1128. As previously noted, with the passage of 2023 La. Acts, No. 5, §§ 1 and 3 (eff. Aug. 1, 2023), the legislature deleted the objection of lack of subject matter jurisdiction from the objections raised through a declinatory exception pursuant to La. C.C.P. art. 925 and added it to the list of objections raised through a peremptory exception found in La. C.C.P. art. 927. The Act further amended and reenacted La. C.C.P. art. 927 to provide as follows: "Once the objection of the lack of subject matter jurisdiction is raised by the parties or noticed by the court on its own motion, the court shall address the objection before ruling on any other matter." La. C.C.P. art. 927(B). The basis for ruling upon the objection of lack of subject matter jurisdiction first is that a judgment rendered by a court having no jurisdiction over the subject matter of the action or proceeding is void. See La. C.C.P. art. 927, Official Revision Comments--2023; La. C.C.P. art. 3. Thus, only if the district court were to find that it had subject matter jurisdiction over this suit would the district court have the legal power and authority to consider the peremptory exception raising the objection of res judicata. See **Tran**, 330 So.3d at 1128.

Accordingly, we find that the district court erred in ruling on the School Board's peremptory exception raising the objection of res judicata prior to ruling on the merits of the objection of lack of subject matter jurisdiction and in ruling that the School Board's exception raising the objection of lack of subject matter

7

jurisdiction was moot. See **Tran**, 330 So.3d at 1128. In this case we elect to consider the School Board's exception raising the objection of lack of subject matter jurisdiction where we have a complete record and where the School Board has answered the appeal to reassert the exception. Moreover, as an appellate court, this court has a duty to consider the issue of subject matter jurisdiction *sua sponte*, even when it is not raised by the parties. **Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.**, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). Furthermore, if the district court lacked subject matter jurisdiction, then this court also lacks jurisdiction, save to correct the error of the district court in reaching the merits of the case. See **Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Board**, 2001-0185 (La. 10/16/01), 797 So.2d 656, 663; **Gross v. State through Louisiana Department of Revenue**, 2023-0142 (La. App. 1 Cir. 9/15/23), 376 So.3d 151, 159. Thus, we will consider the School Board's exception raising the objection of lack of subject matter jurisdiction.

The School Board contended that the district court did not have subject matter jurisdiction because Mrs. Hill's injuries arose out of the course and scope of her employment, thereby giving the workers' compensation judge original, exclusive jurisdiction over the matter pursuant to La. R.S. 23:1310.3(F).[14] It also contended that the workers' compensation exclusivity provisions precluded a consortium suit by Mr. Hill.

Where the lack of subject matter jurisdiction is not apparent on the face of the petition, the burden is on the defendant to offer evidence in support of the exception. See La. C.C.P. art. 930; **Barringer v. Robertson**, 2015-0698 (La. App. 1 Cir. 12/2/15), 216 So.3d 919, 924, writ denied, 2016-0010 (La. 2/26/16), 187

---

[14] Louisiana Revised Statutes 23:1310.3(F) states, in pertinent part, "Except as otherwise provided by R.S. 23:1101(B), 1361, and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter . . . ."

So.3d 1004. If no evidence is introduced, the court must accept the allegations of the petition as true for the purpose of ruling on the exception. **Beasley v. Nezi, LLC**, 2016-1080 (La. App. 1 Cir. 9/8/17), 227 So.3d 308, 311-12. However, this rule applies only to properly-pled material allegations of fact; the court is not required to accept conclusory allegations or allegations of law as true for purposes of the exception. **Id.** When evidence is introduced at the trial of the exception, relevant factual findings are governed by the manifest error standard of review. See **Barringer**, 216 So.3d at 924. The determination of whether a district court has subject matter jurisdiction over a case is subject to *de novo* review. **Beasley**, 227 So.3d at 312.

The district courts are vested with original jurisdiction over all civil and criminal matters "[e]xcept as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker[s'] compensation matters." La. Const. Art. V, § 16(A)(1). As a court of general jurisdiction, the district court has jurisdiction over a claim generally related to workers' compensation unless the legislature, through some specific provision of the Workers' Compensation Act, designated the claim a workers' compensation matter or otherwise granted hearing officers (workers' compensation judges) authority to adjudicate the claim. **Lloyd v. Shady Lake Nursing Home, Inc.**, 47,025 (La. App. 2 Cir. 5/9/12), 92 So.3d 560, 564, writ denied, 2012-1318 (La. 9/28/12), 98 So.3d 844.

Generally, while an employee's exclusive remedy for injuries suffered during the course and scope of employment is through the Workers' Compensation Act, the exclusivity provisions of the Act do not apply when an employee is injured as a result of an intentional act committed by a co-employee during the course and scope of employment (the intentional act exception). See La. R.S.

23:1032(B);[15] **Cole v. State Department of Public Safety and Corrections**, 2001-2123 (La. 9/4/02), 825 So.2d 1134, 1138-39; **Chevis v. Rivera**, 2021-0124 (La. App. 1 Cir. 9/24/21), 329 So.3d 831, 836, writ denied, 2021-01546 (La. 12/21/21), 330 So.3d 317. A review of legislative history and jurisprudence interpreting the meaning of intent indicates that the intentional act exception to the exclusivity of the Act in general is to be applied in very strict and limited circumstances. **Cole**, 825 So.2d at 1141. In order to attribute the element of intent within the context of La. R.S. 23:1032(B), the employer or other person identified in the act must either (1) consciously desire the physical result of his act, whatever the likelihood of the result happening from his conduct, or (2) know that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result. **Domingue ex rel. Domingue v. Allied Discount Tire and Brake, Inc.**, 2002-1338 (La. App. 1 Cir. 5/9/03), 849 So.2d 690, 694, writ denied, 2003-1605 (La. 10/3/03), 855 So.2d 320.

Based on the petitions, Mrs. Hill and Mr. Franklin were on their work premises during working hours when, during a discussion in the principal's office concerning Mrs. Hill's enforcement of Time-Out policies, Mr. Franklin allegedly forcefully grabbed Mrs. Hill's shoulders, pushed her, and did not release her until Dr. Charbonnet told him to do so. An intentional tort of battery is a harmful or offensive contact with a person resulting from an act intended to cause the person to suffer such a contact. **Caudle v. Betts**, 512 So.2d 389, 391 (La. 1987). The court in **Caudle** further clarified that the intent with which tort liability is concerned need not be malicious or hostile, nor need it be an intention to inflict actual damage or do any harm; rather, it is sufficient if the actor intends to inflict

---

[15] Louisiana Revised Statutes 23:1032(B) provides, in pertinent part, "Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act."

either a harmful or offensive contact without the other's consent. **Id.** When there occurs an intentional tort of battery by one employee against another employee, the exclusivity provisions of the Workers' Compensation Act do not preclude the plaintiff's coextensive right to pursue a tort suit against the employer. See **Quebedeaux v. Dow Chemical Co.**, 2001-2297 (La. 6/21/02), 820 So.2d 542, 545; **Domingue**, 849 So.2d at 694. Therefore, we reject the School Board's contention that because there are no allegations of intentional conduct by it, the district court did not have jurisdiction in this case as to Mrs. Hill's claims.[16]

The School Board also contends in its objection of lack of subject matter jurisdiction that because Mrs. Hill had filed a workers' compensation proceeding arising out of the same incident, the district court had no subject matter jurisdiction. The exhibits the School Board filed into evidence in support of all of its exceptions included Mrs. Hill's responses to the second requests for admission propounded by the School Board. In her responses, Mrs. Hill admitted that she had filed a workers' compensation proceeding in response to the injuries she allegedly sustained on February 3, 2012. The School Board also filed into evidence the disputed claim for compensation filed on October 22, 2012, wherein Mrs. Hill described her accident and injury as follows: "A meeting took place in Principal Charbonnet's office. During the meeting [Mr. Franklin] grabbed or pushed [Mrs. Hill], injuring [Mrs. Hill's] left shoulder." See **Hill v. East Baton Rouge Parish School Board**, No. 12-07541, Office of Workers' Compensation, District 5, Parish of East Baton Rouge, State of Louisiana. Additionally, the School Board filed into

---

[16] The School Board relied on **Field v. Lafayette Parish School Board**, 2016-495 (La. App. 3 Cir. 11/9/16), 205 So.3d 986, 989, writ denied, 2016-2141 (La. 1/13/17), 215 So.3d 256, to support its contention, which is distinguishable from this case. In **Field**, the Third Circuit found that the intentional act exclusion did not apply where a teacher was repeatedly hit by a student because the teacher could not prove the intent of her employer, the Lafayette Parish School Board. The Third Circuit found that there was no evidence that the Lafayette Parish School Board consciously desired the physical results of the teacher's battery or had knowledge that the physical results were substantially certain to follow its conduct in readmitting the student to the school. **Id.** In the case at bar, the alleged intentional act was committed by a co-employee.

evidence its answer in the workers' compensation proceeding denying Mrs. Hill's entitlement to benefits. The School Board also filed the judgment entitled "**CONSENT JUDGMENT**" (the Consent Judgment) that it entered into with Mrs. Hill that settled the issues prior to the workers' compensation trial and which was signed by the workers' compensation judge on November 12, 2013.

The fact that Mrs. Hill pursued benefits under the Act does not preclude her from pursing an action in tort under the intentional act exception. See **Gagnard v. Baldridge**, 612 So.2d 732, 735 (La. 1993); **Domingue**, 849 So.2d at 694. Although the incident was described as an accident in the Consent Judgment, the description of the incident in the claim form was that Mr. Franklin grabbed or pushed Mrs. Hill, which is consistent with the allegation in the Hills' petitions. We have determined that that the allegations in the Hills' petitions are sufficient to set forth an allegation of intentional tort.[17] Therefore, we find that the district court had subject matter jurisdiction in this case, and this court consequently has appellate jurisdiction. We will consider the merits of the appeal.

## RES JUDICATA

At the hearing on the peremptory exception raising the objection of *res judicata*, the School Board filed into evidence the Consent Judgment entered in the workers' compensation proceeding that Mrs. Hill initiated before this tort suit, wherein she sought workers' compensation benefits as a result of the injuries she sustained in the same incident at issue in this suit. The Consent Judgment initially stated that the matter was set for trial before the workers' compensation judge on

---

[17] We note that Mr. Hill's claim for loss of consortium is a derivative claim based on the injuries of the primary victim, Mrs. Hill. See **Aldredge v. Whitney**, 591 So.2d 1201, 1207 (La. App. 2 Cir. 1991). Therefore, because the School Board's exception raising the objection of lack of subject matter jurisdiction has no merit as to Mrs. Hill's tort claims, it also has no merit as to Mr. Hill's claims.

12

September 5, 2013, and that counsel for Mrs. Hill and for the School Board were present.[18] The Consent Judgment then continued:

> Prior to the commencement of Trial **the parties agreed to resolve all issues and entered into a full and final settlement, which was recited on the record.** The terms of the settlement were as follows:
>
> A. [The School Board] would pay the sum of $53,000 to [Mrs.] Hill.
> B. **This was a full and final settlement and [the School Board] would have no further liability to [Mrs.] Hill, arising from the accident of February 3, 2012.**
> C. [Mrs.] Hill would voluntarily resign from her employment with the School Board and would not seek to re-apply in the future.
> D. If [Mrs.] Hill's medical insurer, [sic] would seek reimbursement for any medical bill, related to this accident, that such reimbursement would be the responsibility of [the School Board].
>
> After consideration of the law, pleadings, evidence, and arguments of counsel, and for these reasons orally assigned in Open Court;
>
> **IT IS ORDERED, ADJUDGED AND DECREED** that the settlement, entered into by the parties on September 5, 2013, is hereby made the Judgment of the Court.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED,** that the settlement was and is approved, as of September 5, 2013, as stated in open Court.

(emphasis added).

The School Board also offered into evidence Mrs. Hill's responses to the second requests for admission propounded by the School Board wherein, among other responses, she admitted the genuineness and authenticity of the attached Consent Judgment, admitted that the dismissal of the workers' compensation proceeding was a final judgment, denied that she was paid temporary total disability benefits, denied that she submitted a notice of resignation to the School Board, and denied that there was a settlement of all issues in the workers' compensation proceeding.[19] Additionally, the district court admitted into evidence

---

[18] We note that Mrs. Hill's counsel in her workers' compensation proceeding is not the same counsel representing her and Mr. Hill in the tort suit.

[19] The School Board also filed into evidence other attachments to its memorandum supporting its exceptions, which were: the Hills' original petition and second amended petition; Mrs. Hill's disputed claim for compensation; its answer to Mrs. Hill's workers' compensation claim; and the

Mrs. Hill's unsigned motion to enforce the settlement that she filed in the workers' compensation proceeding wherein she sought the payment of the settlement the parties entered into, together with penalties, costs, interest, and attorney's fees pursuant to La. R.S. 23:1201(G).[20] Also admitted into evidence was the judgment the workers' compensation judge signed on December 3, 2013, stating that the School Board's payment of the September 5, 2013 Consent Judgment was late and that pursuant to La. R.S. 23:1201(G), Mrs. Hill was awarded penalties of $12,720, attorney's fees of $1,500, and legal interest on the $53,000 judgment and on the judgment for penalties and attorney's fees. Lastly, the School Board filed in evidence Mrs. Hill's motion to nullify the Consent Judgment, which she filed in the workers' compensation proceeding.[21]

The Hills filed into evidence the affidavit of Dez O'Rourke, the official court reporter for the Office of Workers' Compensation, District 5. Ms. O'Rourke stated that as the official court reporter, she was the custodian for all court transcripts and records; that she was the court reporter assigned to the Hill case; that she was responsible for securing, maintaining, and storing any records in the case; that she was unable to produce the transcript of the September 5, 2013 proceedings and that no one else had a transcript; that neither she nor anyone else

---

post-1008 mediation report in the workers' compensation proceeding. Additionally, the School Board filed into evidence exhibits attached to its reply memorandum in support of its exceptions, which, along with those exhibits discussed above, included a rule to show cause to set the motion to enforce the settlement for a hearing and notice of the hearing date and correspondence from the Hills' counsel concerning the Consent Judgment.

[20] Louisiana Revised Statutes 23:1201(G) states, in pertinent part:

> If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control.

[21] The motion to nullify the Consent Judgment was filed by counsel representing Mrs. Hill in her tort suit, not by the attorney who represented her when the Consent Judgment and the judgment enforcing the Consent Judgment were signed.

14

had an audio file of the proceedings; and that after extensively searching archived files, she found the referenced file but was unable to produce the transcript due to a software issue.

At the end of the hearing, the district court sustained the peremptory exception raising the objection of *res judicata*, stating that the parties had entered into a settlement agreement as to the workers' compensation claim that was memorialized by the Consent Judgment. The district court found that the settlement was approved by the workers' compensation judge and that Mrs. Hill was awarded $53,000. The district court stated that the parties agreed that the School Board would have no further liability to Mrs. Hill arising from the February 3, 2012 accident. The district court found that the judgment "was a final judgment of a lump-sum settlement that was approved by the workers' compensation judge" on September 3, 2013. The district court noted that the tort claims were pending during the existence of the workers' compensation proceeding.

The peremptory exception raising the objection of *res judicata* is based on the conclusive legal presumption that there should be no re-litigation of a thing previously adjudged between the same parties. **Pirosko v. Pirosko**, 2022-1000 (La. App. 1 Cir. 2/24/23), 361 So.3d 1011, 1017. *Res judicata* bars re-litigation of a subject matter arising from the same transaction or occurrence of a previous suit and promotes judicial efficiency and final resolution of disputes. **Id**. The burden of proving the facts essential to sustaining the objection is on the party pleading the objection. If any doubt exists as to its application, the exception must be overruled and the second lawsuit maintained. **Davis v. J.R. Logging, Inc.**, 2013-0568 (La. App. 1 Cir. 11/8/13), 136 So.3d 828, 830, writ denied, 2014-0860 (La. 6/20/14), 141 So.3d 812. The standard of review of a peremptory exception pleading the objection of *res judicata* requires an appellate court to determine if the district court's decision is legally correct or incorrect. **Quality Environmental Processes,**

15

**Inc. v. IP Petroleum Company, Inc.,** 2016-0230 (La. App. 1 Cir. 4/12/17), 219 So.3d 349, 365, writ denied, 2017-00915 (La. 10/9/17), 227 So.3d 833. When an objection of *res judicata* is raised before the case is submitted and evidence is received on the objection, the standard of review on appeal is traditionally manifest error with regard to the factual findings of the district court. However, the *res judicata* effect of a prior judgment is a question of law that is reviewed on appeal *de novo*. **Archote v. Tate,** 2023-0982 (La. App. 1 Cir. 6/3/24), ___ So.3d ___, ___.

Louisiana Revised Statutes 13:4231 sets forth the general principles for *res judicata* and provides as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Under this provision, the Louisiana Supreme Court has emphasized that all of the following elements must be satisfied in order for *res judicata* to preclude a second action: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that

16

was the subject matter of the first litigation. **Burguieres v. Pollingue**, 2002-1385 (La. 2/25/03), 843 So.2d 1049, 1053.

Under La. R.S. 13:4231, the phrase *"res judicata"* includes both claim preclusion (*res judicata*) and issue preclusion (collateral estoppel). **Three Rivers Commons Owners' Association, Inc. v. Grodner**, 2023-0050 (La. App. 1 Cir. 10/31/23), 382 So.3d 972, 978. Under claim preclusion, the *res judicata* effect of a judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action. **Id**. Under issue preclusion, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. **Id**. Thus, *res judicata* used in the broad sense has two different aspects: 1) foreclosure of relitigating matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of relitigating matters that have been previously litigated and decided. **Id**.

Although *res judicata* typically contemplates the existence of a final judgment on the merits, it also applies where a transaction or settlement of a dispute has been entered into by the parties. **Davis**, 136 So.3d at 830. A valid compromise under La. C.C. art. 3080[22] may also form the basis for an objection of *res judicata*. See **Hernandez v. ASAP Employment Service, Inc.**, 2017-0868 (La. App. 1 Cir. 10/26/18), 266 So.3d 311, 312. In a workers' compensation case, the doctrine of *res judicata* applies to a compromise approved by the workers' compensation judge pursuant to La. R.S. 23:1271-1274.[23] See **Borja v. FARA**, 2016-0055 (La.

---

[22] Louisiana Civil Code article 3080 states, "A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised."

[23] Louisiana Revised Statutes 23:1271 concerns the right of parties to settle or compromise, La. R.S. 23:1272 concerns the approval of lump sum or compromise settlements by the workers' compensation judge, and La. R.S. 23:1274 concerns lump sum settlements and the necessity for approval.

10/19/16), 218 So.3d 1, 10; **Hernandez**, 266 So.3d at 313; **Smith v. Isle of Capri Casino & Hotel**, 2010-0161 (La. App. 1 Cir. 9/10/10), 47 So.3d 642, 646.

In their first and second assignments of error, the Hills contend that the district court erred in concluding that the Consent Judgment was a basis for *res judicata* because the judgment from the Office of Workers' Compensation (OWC) must be a valid final judgment. They argue that because the OWC did not have subject matter jurisdiction over their tort or intentional tort claims, the judgment is not a valid, final judgment.

The Hills are correct that for *res judicata* purposes, to have any preclusive effect, a judgment must be valid, *i.e.*, among other things, it must have been rendered by a court with jurisdiction over both the parties and the subject matter after proper notice was given. See La. R.S. 13:4231, Official Revision Comments--1990, Comment (d); **Wooley v. State Farm Fire and Casualty Insurance Co.,** 2004-0882 (La. 1/19/05), 893 So.2d 746, 771; **Pierce v. Foster Wheeler Constructors, Inc.,** 2006-0562 (La. App. 1 Cir. 12/28/06), 2006 WL 3804620, *4 (unpublished). A claim cannot be said to be barred by *res judicata* if the court in which the first action was brought lacked subject matter jurisdiction to adjudicate that claim. **Kelty v. Brumfield**, 93-1142 (La. 2/25/94), 633 So.2d 1210, 1215 (*per curiam*).

This court considered a similar issue in the **Pierce** case. In **Pierce**, this court reversed the district court's judgment sustaining the employer's peremptory exception raising the objection of *res judicata*. **Pierce**, 2006 WL 3804620, * 1. In **Pierce**, as in the case at bar, the employee initially filed a claim for workers' compensation benefits. **Id**. Similar to this case, the parties settled the matter prior to trial. Thereafter, the parties in **Pierce** jointly filed a motion to dismiss the workers' compensation claim without prejudice. **Id**. The employee then filed suit in district court against his employer and co-employees seeking damages for an

18

injury that he alleged was caused by an intentional act of his co-employees and alleging his employer was liable under the *respondeat superior* doctrine. **Id.** The employer filed a peremptory exception raising the objection of *res judicata* based upon the dismissal of the workers' compensation proceedings without prejudice after the parties entered into a joint agreement to dismiss the OWC proceedings without prejudice. **Id.** at \*2. This court found that the OWC lacked subject matter jurisdiction to hear and adjudicate the employee's intentional tort claims against his employer and co-employees. **Id.** at \*4. This court then concluded that because the OWC lacked subject matter jurisdiction to adjudicate the intentional tort claims, the employee's intentional tort claims against his co-employees and employer were not barred by *res judicata*, and that the district court erred in sustaining the employer's peremptory exception raising the objection of *res judicata*. **Id.**

Based upon the **Pierce** case and the requirement that the court in which the first action is brought must have jurisdiction to adjudicate the claim, we find that the district court in this case erred in sustaining the peremptory exception raising the objection of *res judicata*. The doctrine of *res judicata* cannot be invoked unless all its essential elements are present, and each necessary element must be established beyond all question. **Kelty**, 633 So.2d at 1215. In this case, the OWC lacked subject matter jurisdiction to adjudicate Mrs. Hill's intentional tort claims. Therefore, the Consent Judgment signed by the workers' compensation judge on November 12, 2013, does not bar her from maintaining her intentional tort claims against the School Board in the district court.[24] Based upon our finding that the

---

[24] We note that the district court erred in sustaining the peremptory exception raising the objection of *res judicata* as to Mr. Hill, but on the basis that he was not a party to the Consent Judgment that Mrs. Hill and the School Board entered into. A compromise entered into by one of multiple persons with an interest in the same matter does not bind the others, nor can it be raised by them as a defense, unless the matter compromised is a solidary obligation. La. C.C. art. 3075. This principle applies even when the claims sought to be asserted are derivative of the primary claim that was compromised. **Leray v. Nissan Motor Corporation in U.S.A.**, 2005-

19

first and second assignments of error have merit, we pretermit the Hills' remaining assignments of error.[25]

## ANSWER TO THE APPEAL

The School Board answered the appeal to reassert the other exceptions it filed if this court reverses the district court's judgment sustaining the peremptory exception raising the objection of *res judicata*. However, the School Board did not file a brief in support of its answer or argue the issue in its appellee brief. This court has deemed as abandoned an answer to an appeal where the issue raised in the answer was never briefed, applying Rule 2–12.4(B) of the Uniform Rules of Courts of Appeal to an answer to an appeal. **Succession of Poole**, 2015-1317 (La. App. 1 Cir. 10/28/16), 213 So.3d 18, 25-6. Uniform Rule 2–12.4(B)(4) requires that "[a]ll assignments of error and issues for review must be briefed. The court may consider as abandoned any assignment of error issue for review which has not been briefed." Therefore, the School Board's answer to this appeal is deemed abandoned. See **Succession of Poole**, 213 So.3d at 26.

## CONCLUSION

For the foregoing reasons, we overrule the peremptory exception raising the objection of lack of subject matter jurisdiction and we reverse the district court's March 30, 2023 judgment sustaining the East Baton Rouge Parish School Board's peremptory exception raising the objection of *res judicata*, dismissing Elizabeth Hill and John G. Hill's claims against it with prejudice, and ruling that the other

---

2051 (La. App. 1 Cir. 11/3/06), 950 So.2d 707, 711. Because the loss of consortium claims of Mr. Hill are personal to him, the compromise agreement entered into by Mrs. Hill cannot act to waive his right or cause of action on his separate claims. See **Garrison v. James Construction Group, LLC**, 2014-0761 (La. App. 1 Cir. 5/6/15), 174 So.3d 15, 17-18 n.2 (*en banc*), writ denied, 2015-1112 (La. 9/18/15), 178 So.3d 146; **Leray**, 950 So.2d at 711.

[25] In their remaining assignments of error, the Hills contend that there was no writing to support the settlement of their tort claims; that there was no evidence that the settlement was recited in open court or placed on the record of the workers' compensation proceeding; that the settlement agreement did not specify which claims they allegedly settled, other than the workers' compensation claims; and that there was no evidence supporting a meeting of the minds or of the parties' intention to settle the intentional tort claims.

exceptions raised by the School Board were moot. This case is remanded to the district court for further proceedings. The answer to the appeal is denied. Costs of this appeal in the amount of $4,156 are assessed to the defendant/appellee, the East Baton Rouge Parish School Board.

**REVERSED AND REMANDED; ANSWER TO APPEAL DENIED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0970

ELIZABETH HILL AND JOHN G. HILL

VERSUS

DARCY FRANKLIN, EAST BATON ROUGE PARISH SCHOOL SYSTEM[1]
AND XYZ INSURANCE COMPANY

**THERIOT, J., agreeing in part and dissenting in part with reasons.**

I agree with the majority's analysis and findings relating to subject matter jurisdiction. I also agree with the majority's *res judicata* analysis regarding the enforceability of the workers' compensation judgment. However, I disagree with the majority's finding that the trial court erred in granting the exception of *res judicata*. I find the School Board proved *res judicata* by presenting the compromise reached by the respective parties and dictated into the record of the workers' compensation proceeding.

A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised. La. C.C. 3080. Thus, a valid compromise may form the basis for an objection of *res judicata*. **Garrison v. James Construction Group, LLC**, 2014-0761 (La. App. 1 Cir. 5/6/15), 174 So.3d 15, 18. The record clearly establishes that the School Board proved that the parties entered into a valid compromise; that the parties are the same; that the cause or causes of action existed at the time of the compromise; and that the cause or causes of action arose out of the same occurrence that was the subject of the compromise.

---

[1] The Hills incorrectly named the "East Baton Rouge Parish School System" as a defendant in their original petition, but its proper name is the East Baton Rouge Parish School Board, as reflected in its answer and the Hills' later-filed amended petition.

Accordingly, I find that a valid compromise was entered into by the parties which expressly stated that Mrs. Hill would be paid a lump sum of $53,000.00 and, in exchange, the School Board would have no further liability arising from the accident of February 3, 2012. This compromise is a basis for an objection of *res judicata*. See **Garrison**, 174 So.3d at 18.

I recognize that a workers' compensation judge cannot make a ruling outside of the Workers' Compensation Act. However, in this matter, the workers' compensation judge did not make any findings outside of the workers' compensation act regarding tort liability. The workers' compensation judge simply allowed the parties to record their compromise into the record and memorialized the compromise in the November 12, 2013 consent judgment. The compromise being memorialized in a workers' compensation setting does not negate the existence of a compromise between the parties, which triggers La. C.C. 3080. For those reasons, I find the trial court was correct in granting the exception of *res judicata*.